**IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF MARYLAND**

|   |   |   |
|---|---|---|
| ADAM SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:13-CV-00851 |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST NATIONAL COLLECTION BUREAU, INC. | ) ) | |
| | ) | |
| | ) | Jury Demanded |
| Defendant. | ) ) | |

Plaintiff, Adam Sims brings this action for a finding that Defendant, First National Collection Bureau, Inc. ("First National"), violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq., and for the recovery of damages, costs and attorney's fees for such violations. Plaintiff alleges:

## **PREAMBLE**

1. The United States Congress has found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, contributing to personal bankruptcies, marital instability, loss of jobs, and invasions of privacy. (*see* 15 U.S.C.A. §1692[a].)

2. In response thereto, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified as 15 U.S.C.A. §§ 1692 et seq., the purpose of which is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  (*see* 15 U.S.C.A §1692[e].)

3.  Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for any actual damages sustained by such person as a result of such failure (*see* 15 U.S.C.A §1692k[a][1]), as well as statutory damages up to one thousand dollars ($1,000.00.)  (*see* 15 U.S.C.A §1692k[a][2][A].)

4.  Additionally, in the case of any successful action to enforce the foregoing liability, the debt collector is also liable for the costs of the action, together with a reasonable attorney's fee as determined by the court.  (*see* 15 U.S.C.A §1692k[a][3].)

5.  Plaintiff, Adam Sims, brings this action against Defendant, First National, for a finding that Defendant violated the FDCPA, and for the recovery of damages, costs and attorney's fees for such violations.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction pursuant to 15 U.S.C.A §1692k(d) and 28 U.S.C. §1331.

7.  This Court is the proper venue pursuant to 28 U.S.C.A. §1391 because Defendant does business in this Judicial District, or because a substantial part of the events giving rise to the claim occurred in this Judicial District.

## PARTIES

8.  Plaintiff, Adam Sims, is a natural person who resides in Baltimore County, Maryland.

9.  Defendant, First National, is located in the State of Nevada.

10. Plaintiff, Adam Sims, is a "consumer" as defined by 15 U.S.C.A. §1692a(3), in that Plaintiff is a natural person obligated or allegedly obligated to pay any debt.

11. Defendant, First National is a "debt collector" as defined by 15 U.S.C.A. §1692a(6), in that Defendant uses an instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS

12. Plaintiff is alleged to have incurred a "debt," as defined by 15 U.S.C.A. §1692a(5).

13. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

14. On a date unknown to Plaintiff, but after the date Plaintiff allegedly fell behind in the payments, the alleged debt was purportedly placed with or otherwise transferred to First National for collection purposes.

15. On exact dates unknown to Plaintiff, but within a year of the initiation of this lawsuit, Defendant repeatedly contacted Plaintiff by telephone at his home in Baltimore County, Maryland, with the intent to annoy and harass.

16. On exact dates unknown to Plaintiff, but within a year of the initiation of this lawsuit, Defendant contacted Plaintiff by telephone after 9:00 p.m. at his home in Baltimore County, Maryland, without the Plaintiff's prior consent.

17. On exact dates unknown to Plaintiff, but within a year of the initiation of this lawsuit, Defendant contact Plaintiff by telephone at his home in Baltimore County, Maryland and threatened to garnish Plaintiff's wages in an attempt to coerce him to pay the alleged debt.

18. By this conduct, Defendant violated certain provisions of the FDCPA, as set forth below.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C.A. §1692c(a) – Unlawful Communications to Plaintiff

19. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

20. A debt collector shall not, without prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer, the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00am and before 9:00pm, local time at the consumer's location. (15 U.S.C.A. §1692c[a][1].)

21. A debt collector shall not, without prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer, the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. (15 U.S.C.A. §1692c[a][2].)

22. A debt collector shall not, without prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer, the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. (15 U.S.C.A. §1692c[a][3].)

23. Defendants' acts, as described herein, constitute violations of 15 U.S.C.A. §1692c(a), and render Defendants liable to Plaintiff for damages, costs and reasonable attorney's fees pursuant to 15 U.S.C.A. §1692k.

## COUNT II

### Violation of 15 U.S.C.A. §1692d – Harassment and Abuse

24. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

25. A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including, without limiting the general application of the Section, inter alia:  The use of language the natural consequence of which is to abuse the hearer or reader; causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and the placement of telephone calls without meaningful disclosure of the caller's identity. (15 U.S.C.A. §1692d.)

26. Defendant's acts, as described herein, constitute violations of 15 U.S.C.A. §1692d, and render Defendant liable to Plaintiff for damages, costs and reasonable attorney's fees pursuant to 15 U.S.C.A. §1692k.

## COUNT II
## Violation of 15 U.S.C.A. §1692e – False, Misleading or Deceptive Representations

27. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

28. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, without limiting the general application of the Section, inter alia: The false representation of the character, amount or legal status of any debt; the false representation or implication that any individual is an attorney or that any communication is from an attorney; the threat to take any action that cannot legally be taken or that is not intended to be taken; the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and the failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector. (15 U.S.C.A. §1692e.)

29. Defendant's acts, as described herein, constitute violations of 15 U.S.C.A. §1692e, and render Defendant liable to Plaintiff for damages, costs and reasonable attorney's fees pursuant to 15 U.S.C.A. §1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

- Actual damages pursuant to 15 U.S.C.A. §1692k(a)(1) in an amount to be determined at trial;

- Statutory damages of $1,000.00 pursuant to 15 U.S.C.A. §1692k(a)(2)(A);

- Litigation costs together with a reasonable attorney's fee as determined by the Court pursuant to 15 U.S.C.A. § 1692k(a)(3).

## JURY DEMAND

Plaintiff, Adam Sims, demands a trial by jury.

Dated: March 20, 2013           By: /s/ *Craig B. Sanders*
                                                                  Attorney for Adam Sims
                                                                  Craig B. Sanders (CS4163)
                                                                  Sanders Law, PLLC
                                                                  100 Garden City Plaza
                                                                  Suite 500
                                                                  Garden City, New York 11530
                                                                  516-203-7600
                                                                  csanders@sanderslawpllc.com